UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIO LOPEZ-OVIEDO,

                        Plaintiff,                   **REPORT AND**
                                                                 **RECOMMENDATION**
       -against-                                       CV 08-1909 (JS)(ARL)

JOAN MARVIN, et al.,

                        Defendants.
----------------------------------------------------------------X
JOAN MARVIN and IRA MARVIN,

                       Third-Party Plaintiffs,

       -against-

T/A SOLANO CONSTRUCTION,

                       Third-Party Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

The matter was referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation with respect to whether third-party plaintiffs Joan Marvin and Ira Marvin's (the "Marvins") motion for a default judgment against third-party defendant T/A Solano Construction ("Solano") should be entered, and, if so, the appropriate amount of damages and attorney's fees to be awarded. The Clerk of Court has noted Solano's default pursuant to Federal Rule of Civil Procedure 55(a). By letter dated August 10, 2009, the Marvins state that it would be premature to conduct a damages inquest because the action between plaintiff Mario Lopez-Oviedo ("Lopez-Oviedo") and the Marvins is still pending. Instead, the Marvins seek a "conditional order for indemnity."

Lopez-Oviedo brought this diversity action under New York law against the Marvins claiming personal injury resulting from a construction project on their property. Thereafter, the

Marvins brought a third-party action against Solano, who was allegedly the contractor responsible for the project. The Marvins' third-party action seeks indemnification and other relief for any damages sustained as a result of Lopez-Oviedo's injury. Despite having been served with a copy of the summons and third-party complaint via the Secretary of State of New York on January 13, 2009, Solano has not responded to this action.

Solano's default is deemed a concession of all "well-pleaded allegations of liability." *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The Marvins allege that any injury to Lopez-Oviedo was caused solely by the acts of Solano, which was contracted to and maintained control over the construction site. It is well-established under New York law that an "implied a right to indemnification" exists "where the proposed indemnitor has a direct relationship with the proposed indemnitee." *Mathis v. United Homes, LLC*, 607 F. Supp. 2d 411, 435 (E.D.N.Y. 2009) (collecting cases). By virtue of Solano's default and the unrebutted allegations contained in the third-party complaint, the Marvins have established a right to indemnification. Further, the undersigned agrees with the Marvins that it is appropriate to delay the damages inquest until resolution of the underlying action brought by Lopez-Oviedo. *See Harvey v. Home Savers Consulting Corp.*, No. 07-CV-2645(JG)(SMG), 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (noting that courts have consistently delayed damages inquests resulting from joint and several liability amongst defaulting and non-defaulting parties to avoid inconsistent damage determinations) (collecting cases).

Accordingly, the undersigned respectfully recommends that: (1) the Marvins' motion to enter a default judgment against Solano be granted pursuant to Federal Rule of Civil Procedure 55(b); (2) by virtue of Solano's default, the Marvins' have established a right to indemnification; and (3) the damages inquest against Solano be deferred until after the final resolution of the

underlying action brought by Lopez-Oviedo. The Marvins are directed to serve a copy of this report and recommendation upon Solano at its last-known address and to file proof of service on ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 14, 2009

_____/s_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge