FILED
CLERK

9/27/2012 2:52 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARIO LOPEZ-OVIEDO,

                    Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               08-CV-1909(JS)(ARL)
JOAN MARVIN, IRA MARVIN, ROBERT FUNK,
and ROBERT FUNK, d/b/a ROBERT's
HANDYMAN's SERVICE,

                    Defendants.
----------------------------------------X
JOAN MARVIN and IRA MARVIN,

        Third-Party Plaintiffs,

        -against-

T/A SOLANO CONSTRUCTION,

        Third-Party Defendant.
----------------------------------------X
JOAN MARVIN and IRA MARVIN,

    Second Third-Party Plaintiffs,

        -against-

ROGER BELL and HUGHES DEVELOPERS, INC.,

    Second Third-Party Defendants.
----------------------------------------X
JOAN MARVIN and IRA MARVIN,

    Third Third-Party Plaintiffs,

        -against-

FIRE ISLAND PARTNERS, LLC,

    Third Third-Party Defendant.
----------------------------------------X
```

```
----------------------------------------X
FIRE ISLAND PARTNERS, LLC,

     Fourth Third-Party Plaintiffs,

          -against-

ROGER BELL and HUGHES DEVELOPERS, INC.,

     Fourth Third-Party Defendants.
----------------------------------------X
```

APPEARANCES

| | |
|---|---|
| For Plaintiff: | Gary R. Novins, Esq.<br>Richard M. Winograd, Esq.<br>Ginarte, O'Dwyer & Winograd, LLP<br>225 Broadway, 13th Floor<br>New York, NY 10007 |
| For the Marvins: | Joseph T. Redd, Esq.<br>O'Connor Redd, LLP<br>200 Mamaroneck Avenue<br>White Plains, NY 10601 |
| For Robert Funk and Handyman: | John W. Hoefling, Esq.<br>Kelly, Rode & Kelly<br>330 Old Country Road, Suite 305<br>Mineloa, NY 11501 |
| For Fire Island Partners LLC: | Edward Fogarty, Jr., Esq.<br>Litchfield Cavo<br>420 Lexington Avenue, Suite 400<br>New York, NY 10170 |
| For Bell and Hughes: | Thaddeus John Rozanski, Esq.<br>Michael G. Walker, Esq.<br>Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP<br>69 East Jericho Turnpike<br>Mineola, NY 11501 |

SEYBERT, District Judge:

Plaintiff Mario Lopez-Oviedo ("Plaintiff") brought this personal injury suit against Joan and Ira Marvin (the "Marvins"), Robert Funk, and Robert Funk d/b/a Robert's Handyman

2

Service (together with Funk, "Funk"). The Marvins brought third-party claims against (1) T/A Solano Construction ("Solano"); (2) Roger Bell and Hughes Developers, Inc. ("Bell"); and (3) Fire Island Partners LLC ("Fire Island"). Fire Island, in turn, brought a claim against Bell. This Memorandum and Order addresses the pending summary judgment motions, which will be described in more depth below.

## BACKGROUND

Plaintiff, an employee of Solano Construction, was helping to build a house on an investment property at 26 Bungalow Walk in Ocean Beach, New York (the "Premises") when the table saw he was operating kicked back and severed two of his fingers. Although it was required to by regulation, see 12 N.Y.C.R.R. 23-1.12(c)(2), the saw did not have a blade guard at the time of the accident. As will be seen, who owned the Premises and who was responsible for supervising Plaintiff's work are important issues in this case, and they are hotly--although not always meaningfully--disputed.

## DISCUSSION

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings,

3

depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material

issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

There are four motions pending: (1) Plaintiff's motion for partial summary judgment (Docket Entry 109); (2) the Marvins' motion for summary judgment or, in the alternative, a conditional order of indemnity against Funk and Bell (Docket Entry 119); (3) Fire Island's motion for summary judgment or, in the alternative, a conditional order of indemnity against Funk and Bell (Docket Entry 121); and (4) Bell's motion for summary judgment (Docket Entry 115). The Court addresses each one in turn.

I. Plaintiff's Motion for Partial Summary Judgment

Plaintiff asserts claims against the Marvins, the alleged owners of the Premises, and Funk, the alleged general contractor, for common law negligence and for violations of New York Labor Law Sections 200, 240, and 241(6). He moves for partial summary judgment on liability under Section 241(6). This statute provides:

> All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements:
>
> . . .

5

> 6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.

N.Y. Labor Law § 241(6). The provision "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers." Comes v. N.Y. State Elec. & Gas Corp., 82 N.Y.2d 876, 878, 631 N.E.2d 110, 111, 609 N.Y.S.2d 168, 169 (1993); Russin v. Louis N. Picciano & Son, 54 N.Y.2d 311, 317-318, 429 N.E.2d 805, 80, 445 N.Y.S.2d 127, 130 (1981).

Plaintiff asserts that summary judgment is appropriate because the Marvins and Funk, as the owners and general contractor, respectively, breached their duty of care by overseeing a job site with a table saw that did not have the required blade guard and that the missing blade guard was the proximate cause of Plaintiff's injuries.

Plaintiff's motion is denied because there is a factual question whether he was comparatively negligent in operating the saw. Comparative fault is a defense to Section

6

241(6) claims. See, e.g., Bajor v. 75 East End Owners Inc., 89 A.D.3d 458, 458-459, 932 N.Y.S.2d 40, 4 (1st Dep't 2011). Here, there is evidence that Plaintiff may have been partly at fault for the accident, including, for example, testimony (a) that Plaintiff pulled both prongs of the freshly cut wood through the saw (Marvin Ex. O, Pl. 5/16/11 Dep. 30); and (b) that this is "not the smart way" to use a table saw (Pl. Ex. Y, Hopkins Dep. 112).

Plaintiff also asks the Court to resolve the question of who "owns" the Premises for the purposes of his Section 241(6) claim. The Marvins were once owners of the Premises, but they transferred the title to Fire Island, a limited liability company of which they are members, before the accident. But they stated that they owned the Premises at the time of the accident in their interrogatory responses, though (Pl Ex. H), and by the time they clarified that Fire Island was the actual title-holder, Plaintiff's time to sue Fire Island had expired. The Marvins now argue that they cannot be held liable under Section 241(6) because they were not the property owners at the relevant time.

The Court agrees with Plaintiff that the Marvins are estopped from challenging ownership. Interrogatory responses are treated as "judicial admissions" in this Circuit. E.g., Wechsler v. Hunt Health Sys., Ltd., 94-CV-8294, 1999 WL 672902,

7

at *2 (S.D.N.Y. Aug. 27, 1999) ("The answers to the interrogatories are then set forth in writing and are treated by courts in this Circuit as "judicial admissions" that generally estop the answering party from later seeking to assert positions omitted from, or otherwise at variance with, those responses."). This result is especially appropriate here because the wrong response effectively prevented Plaintiff from timely suing Fire Island. Citing Thompson v. Seligman, 53 A.D.3d 1019, 863 N.Y.S.2d 28 (3d Dep't 2008), the Marvins argue that Plaintiff's counsel had a duty to investigate who owned the Premises as he was preparing his case. This is unpersuasive. Thompson does not stand for the idea that a party should be relieved from the consequences of its interrogatory responses. And, more to the point, Plaintiff's counsel did investigate ownership--using the interrogatory.[1]

II. The Marvins' Motion for Summary Judgment

The remaining claims in this case turn on the degree of control and supervision each party exercised over the construction site. The Marvins argue that they are entitled to (1) summary judgment on Plaintiff's common law negligence and

---

[1] To the extent the Marvins argue that there was no nexus between them and the Premises in light of their transferring title to Fire Island, the Court finds that this "minimal" burden, see Morton v. N.Y., 15 N.Y.3d, 50, 60, 830 N.E.2d 271, 277 (2010), was met here by virtue of the Marvins' involvement, however slight, in the construction (see infra) and by their membership in the Fire Island LLC.

8

Labor Law Section 200 claims and (2) conditional indemnity from Funk and Bell.

　　A. Common Law Negligence and Labor Law § 200

Section 200 is the "codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work." Comes, 631 N.E.2d at 111. Unlike with Section 241, which imposes on owners a non-delegable duty of care, liability under either the common law or Section 200 depends on whether the owner actually exercised supervisory control over the construction. See id.; Gonzalez v. United Parcel Service, 249 A.D.2d 210, 210, 671 N.Y.S.2d 753, 755 (1st Dep't 1998) ("Those claims are not sustainable in the absence of proof indicating that defendant exercised actual supervision or control over the work in the course of which plaintiff was injured."). Although the Marvins--an elderly California couple, occasionally visited the construction site (see Marvins' Ex. J, Ira Marvin Dep. 19, 44, 73), there is no evidence that the Marvins exercised any control, authority, or supervision over the day-to-day work of the construction crew. Accordingly, the Marvins are entitled to summary judgment on Plaintiff's common law negligence and Section 200 claims. See Gonzales, 671 N.Y.S.2d at 755 ("We note in this connection that defendant's general oversight of the timing of the work and its quality, is not to be equated with

9

the direct supervision and control over the manner of the work's performance necessary to establish liability under Labor Law § 200, or at common law for negligence.").

B. The Marvins' Claims for Indemnification

The Marvins also move for a summary determination that they are entitled to a conditional order of indemnity from Bell and Funk, who in the Marvins' view were the ones responsible for job site safety. Under New York law, "an owner held strictly liable under the Labor Law is entitled to 'full indemnification from the party wholly at fault.'" Cunha v. City of N.Y., 12 N.Y.3d 504, 508, 910 N.E.2d 422, 424 (2009) (quoting Chapel v. Mitchell, 84 N.Y.2d 345, 347, 642 N.E.2d 1082 (1994)). "While the duty imposed by section 241 may not be delegated, the burden may be shifted to the party actually responsible for the accident either by way of a claim for apportionment of damages, or by contractual language requiring indemnification." Id. To prevail on an indemnification claim, however, the party seeking indemnity must show that the purported responsible party actually supervised or directed the injured party's work. See McCarthy v. Turner Const., Inc., 17 N.Y.3d 369, 378, 953 N.E.2d 794, 801 (2011). Here, there is at least a question of fact as to whether either Funk or Bell actually supervised Plaintiff or directed his work. (See Marvins' Ex. K, Funk 1/11/10 Dep. 52 (Funk, who was not present when the accident happened,

10

understood that the owner of Solano Construction was responsible for supervising Plaintiff); Bell Dep. Ex. D (Bell testified that he had no oversight authority at the site); see also Bell Ex. E, Funk 8/12/09 Dep. 134 (Funk testified that Bell did not tell other workers what to do).) In fact, as discussed more below, there is no evidence at all that Bell actually supervised Plaintiff or directed his work.

III. Fire Island's Summary Judgment Motion

Fire Island faces indemnification claims by the Marvins (see Docket Entry 64), Bell (see Docket Entry 89), and Funk (see Docket Entry 90). Although Funk and Bell offer some evidence that Brian Smith, the Marvins' son-in-law and another member of the Fire Island LLC, was a general contractor on the project, there is no evidence from which a jury could reasonably conclude that Smith actually supervised Plaintiff's work. Smith visited the Premises either daily or every other day, (Marvins' Ex. M, Smith Dep. 52), but there is no suggestion that Smith controlled, directed, or supervised Plaintiff. Plaintiff, after all, worked for Solano Construction and Solano, in turn, was hired by and reported to Funk. (Bell Ex. E, Funk 8/12/09 Dep. 49, 56-57.) In short, there is no basis for requiring Fire Island to indemnify the Marvins, Funk, or Bell. See McCarthy, ("[A] party's (e.g., a general contractor's) authority to supervise the work and implement safety procedures is not alone

11

a sufficient basis for requiring common-law indemnification. Liability for indemnification may only be imposed against those parties (i.e., indemnitors) who exercise actual supervision." (citation omitted)").[2] Fire Island's motion for summary judgment is GRANTED insofar as Bell's, Funk's, and the Marvins' claims for indemnification are dismissed. It is DENIED AS MOOT with respect to Fire Island's request for a conditional order of indemnity from Funk and Bell.

IV. <u>Bell's Motion for Summary Judgment</u>

Bell's motion for summary judgment on the indemnification claims against him is GRANTED. Although there is some question as to whether Bell was partly responsible for overseeing the safety of the job site, (<u>compare</u> Bell Ex. D, Bell Dep. 53 (Bell testified that he had no oversight authority) <u>with</u> Marvin Ex. M., Smith Dep. 47-48 (Smith testified that he hired Funk and Bell to supervise site safety) <u>and</u> Marvin Ex. K, Funk 1/11/10 Dep. 55 (Funk testified that he and Bell had equal responsibility to stop unsafe work at the Premises)), the

---

[2] Of course, a general contractor can be liable under Section 241(6) without having actually supervised or directed an injured employee's work. But there are no direct claims against Fire Island, and the duty created by that statute is not a basis on which to award indemnification. <u>See</u> <u>Mohammed v. Islip Food Corp.</u>, 24 A.D.3d 634, 637-38, 808 N.Y.S.2d 389, 392 (2d Dep't 2005) (explaining in dicta that a defendant whose only potential liability was statutory and who was not "actively negligent" could not be liable for indemnification); <u>Spages v. Gary Null Assocs.</u>, 14 A.D.3d 425, 426, 788 N.Y.S.2d 355, 356-57 (1st Dep't 2005).

12

"authority to supervise the work and implement safety procedures is not alone a sufficient basis for requiring common-law indemnification," McCarthy, 953 N.E.2d at 801. There is no proof that Bell controlled or supervised the manner in which Plaintiff used the saw. Accord Gonzales, 671 N.Y.S.2d at 755 (no proof of negligence where there was no evidence that defendant "controlled or supervised the use of the machine whose negligent alteration and operation is said to have caused plaintiff's injury"). To the extent the parties disagree whether Bell was a "general contractor," this dispute is immaterial for the reasons discussed in footnote 2.

## CONCLUSION

Plaintiff's summary judgment motion (Docket Entry 109) is DENIED except with respect to the Court's determination that the Marvins are estopped from challenging their ownership of the Premises. The Marvins' summary judgment motion (Docket Entry 119) is GRANTED IN PART and DENIED IN PART. It is granted with respect to Plaintiff's common law negligence and Section 200 claims; it is denied as to their request for a conditional order of indemnification from Funk and Bell. Fire Island's summary judgment motion (Docket Entry 121) is GRANTED with respect to Bell's, Funk's, and the Marvins' claims for indemnification and DENIED AS MOOT with respect to its indemnification claims

against Bell and Funk. Bell's summary judgment motion (Docket Entry 115) is GRANTED.

                                        SO ORDERED.


                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

Dated:    September __27__, 2012
            Central Islip, New York